UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMERALD LAND CORPORATION** | **MISCELLANEOUS ACTION** |
| **VERSUS** | **NO: 20-3472** |
| **TRIMONT ENERGY BL, L.L.C, ET AL.** | **SECTION: "M" (4)** |

## ORDER

Before the Court is Mary L. Boroughs's and Janeen S. Judah's **Motion to Quash Subpoenas (R. Doc. 1)** seeking to quash the subpoenas issued to them by Emerald Land Corporation ("Emerald"), the plaintiff in *Emerald Land Corp. v. Trimont Energy (BL), LLC*, Civil Action No. 6:17-cv-01655, pending in the United States District Court for the Western District of Louisiana. Emerald filed a response stating that the subpoenas at issue in this miscellaneous action will be withdrawn and would in the future be reissued for compliance in the Southern District of Texas in Houston. R. Doc. 4. Emerald maintains this renders this motion moot. *Id.* Borough and Judah filed a reply memorandum that uncontested motions should be granted and not denied as moot. R. Doc. 7.

### I. Background

This miscellaneous action arises from a lawsuit pending in the Western District of Louisiana. *See Emerald Land Corp. v. Trimont Energy (BL), LLC*, Civil Action No. 6:17-cv-01655 (W.D. La. 2017). In 2017, Emerald filed suit against Trimont Energy (BL), LLC; Whitney Oil & Gas, LLC; Chevron U.S.A. Inc.; EnerVest Operating, L.L.C.; and EnerVest Energy, L.P. In that case, Emerald Land Corporation claims to own property in St. Mary Parish, Louisiana, that has allegedly been damaged by historical oilfield operations conducted in the Bateman Lake Oil & Gas Field. Emerald seeks damages for negligence and breach of contract as well as injunctive relief

requiring the defendants to plug, and abandon the wells, remove the oilfield equipment and facilities, and restore the property. Defendant Chevron U.S.A. Inc. ("CUSA")'s predecessors operated wells on Emerald's property from the late 1930s until 2000.

In December, Emerald issued subpoenas from the Western District of Louisiana to Mary L. Boroughs and Janeen S. Judah requiring attendance at a deposition and production of documents on January 4, 2021, at an office in New Orleans. Boroughs was served in Bryant, Texas and Judah was served in Houston, Texas. J. David Payne was also sent a subpoena but has not been served. Boroughs, Judah, and Payne are being subpoenaed because of their connection to Chevron Environmental Management Company ("CEMC"), an indirect subsidiary of Chevron Corporation and an entirely separate and distinct corporate entity from CUSA.

Nonparties Mary L. Boroughs and Janeen S. Judah moved to quash the subpoenas issued to them by an attorney for Emerald Land Corporation for three reasons: (1) the subpoenas require compliance beyond Rule 45(c)'s geographic limits, (2) the subpoenas impose an undue burden on Boroughs and Judah, and (3) the subpoenas were improperly served. R. Doc. 1. Boroughs and Judah sought relief in this Court, the Eastern District of Louisiana, as the court for the district where compliance is required.

In response, Emerald stated it will withdraw its subpoenas. R. Doc. 4. Emerald further stated the subpoenas will be re-issued to require compliance at 1221 McKinney Street, Suite 3150, Houston, Texas 77002, which is less than 100 miles from where Ms. Boroughs and Ms. Judah reside. *Id.* This would render the District Court for the Southern District of Texas the court for the district where compliance is required. Emerald also offered a witness fee of forty dollars and a reasonable mileage allowance. *Id.*

Boroughs and Judah complain uncontested motions should be granted, not denied as moot. R. Doc. 7. Boroughs and Judah further contend that reissuing the subpoena will not solve the dispute where Emerald is going to issue very same overbroad, objectionable subpoenas. *Id.* Boroughs and Judah argue that if Emerald reissues the subpoenas, Boroughs and Judah will then be required to initiate an entirely new miscellaneous action, pay a second filing fee, and pay their attorneys to draft a second motion to quash. *Id.* As such, Borough and Judah request that this Court impose a sanction in the form of an explicit warning that Emerald will be subject to sanctions under Rule 45(d)(1) if it reissues the same overbroad, unduly burdensome, and inappropriate subpoenas. *Id.*

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

Subpoenas issued under Rule 45 may be served upon both party and nonparties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May 2, 2014). "Both Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its

scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

### III. Analysis

#### A. Quash

This Court first addresses the question of whether this motion is live or moot. This Court has before found that where an issuing party did not provide or send any written correspondence stating that the subpoena at issue was in fact withdrawn, for intents and purposes of compliance that subpoena is not effectively withdrawn. *Thomas v. Chambers*, No. CV 18-4373, 2019 WL 1544817, at *3 (Roby, M.J.) (E.D. La. Apr. 9, 2019) (quashing subpoena even after issuing party verbally agreed to withdraw subpoena via phone conversation).

Like in *Thomas*, the Court here is not convinced that the subpoena was effectively withdrawn. While Emerald states that they will withdraw the subpoena in their pleadings, no documentary attachments were appended to its response evidencing the same. Moreover, the Court highlights that Emerald states that they "*will* withdraw the subpoenas." R. Doc. 4. The word "will" is an auxiliary verb used to express some sort of action which will occur in the future.[1] The word "will" is not a past or present auxiliary verb used to connotate that some action has already happened or is happening. The Court, therefore, finds that Emerald's assertion in its pleading that it will withdraw the subpoenas does not effectively withdraw the subpoenas, and does not render the motion moot.

Moreover, because Emerald did not provide an opposition, the Court grants the motion to quash as unopposed. *See Compton v. Moncla Companies, LLC*, No. CV 17-02258, 2018 WL 11220796, at *2 (Roby, M.J.) (E.D. La. Feb. 23, 2018).

### B. Warning and Sanction

Turning next to Boroughs's and Judah's request that the Court provide an explicit warning to Emerald to not reissue a separate subpoena under threat of Rule 45 sanctions, the Court places its focus on the text of Federal Rule of Civil Procedure 45. Rule 45 requires the court for the *district where compliance is required* to enforce the duty of the issuing party to not impose undue burden or expense and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply. Fed. R. Civ. P. 45(d)(1)(emphasis added).

---

[1] *See* https://www.merriam-webster.com/dictionary/will?src=search-dict-hed (last accessed: January 27, 2021).

In this situation, the Court's power is limited to the subpoena at question. This Court has found no precedence, and Boroughs and Judah cite none,[2] which stand for the proposition that this Court has the power under Rule 45 to limit or enforce a hypothetical future subpoena issued out of the Western District of Louisiana, where the underlying action is pending, which will supposedly require compliance in the Southern District of Texas.

The Court, therefore, declines to impose such restrictions. As such, the Court denies Boroughs and Judah's motion to the extent it seeks the Court provide an explicit warning to Emerald to not reissue a separate subpoena under threat of Rule 45 sanctions.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Boroughs' and Judah's **Motion to Quash Subpoenas (R. Doc. 1)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent the subpoenas issued to Boroughs and Judah are hereby **QUASHED**.

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent Boroughs and Judah seek an order explicit warning to Emerald to not reissue a separate subpoena under threat of Rule 45 sanctions.

New Orleans, Louisiana, this 28th day of January 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] Under this point, Boroughs and Judah only cite *Rogers v. Kroger Co.*, 669 F.2d 317, 318 (5th Cir. 1982) which provides a listing of appropriate sanctions to dole. The Court notes, however, the *Rogers* case was not addressing a subpoena, but failure to prosecute. In addition, the district court considering such sanctions was the one in which the underlying action was pending.